UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL LEE GETZEN,

              Plaintiff,                           CIVIL ACTION NO. 11-14676

      v.                                           DISTRICT JUDGE SEAN F. COX

COMMISSIONER OF                                    MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

              Defendant.
_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR ATTORNEY FEES (DKT. NO. 16)

**I.      INTRODUCTION**

       This is a Social Security action brought under 42 U.S.C. § 405(g) and 42 U.S.C. §

1383(c)(3), seeking judicial review of the Commissioner's decision to deny disability benefits.

On August 22, 2012, this Magistrate Judge recommended that: (1) Defendant's motion for

summary judgment be denied; (2) Plaintiff's motion for summary judgment be granted; and (3)

this matter be remanded for further proceedings.  (Dkt. No. 13).  Defendant did not object.

Accordingly, on October 2, 2012, District Judge Sean F. Cox adopted the Report &

Recommendation (Dkt. No. 14) and also entered a Judgment (Dkt. No. 15) remanding the matter

to the Commissioner for further administrative proceedings.

-1-

This matter is before the Court on Plaintiff's motion requesting an award of $2,678.75 in attorney fees and $350.00 in costs (for a total of $3,028.75) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 16).

For the following reasons, **IT IS RECOMMENDED** that Plaintiff's motion be **GRANTED**, and that Judgment be entered in Plaintiff's favor against Defendant in the amount of **$3,028.75**.[1]

## II.   ANALYSIS

Pursuant to the EAJA, the prevailing party in an action seeking judicial review of the Commissioner's decision to deny disability benefits may apply for an award of fees and costs incurred in bringing the action.  *See* 28 U.S.C. § 2412(d)(1)(A).  Fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust."  *Id.*

The burden rests with the Commissioner to establish that its position was substantially justified.  *See Sec'y, United States Dep't of Labor v. Jackson County Hosp.*, 2000 WL 658843 at *3 (6th Cir. May 10, 2000) (citation omitted).  However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified."  *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir. Sept. 22, 1997); *see also Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

---

[1] A Magistrate Judge may not hear and determine a post-judgment motion for fees, because it is not a "pretrial matter," and it is considered "dispositive of a claim."  Therefore, this Magistrate Judge proceeds by Report & Recommendation under 28 U.S.C. § 636(b)(1)(B).  *See Massey v. City of Ferndale*, 7 F.3d 506, 509-510 (6th Cir. 1993).

The EAJA permits an award of <u>reasonable</u> attorney fees.  *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of proving the reasonableness of the fees requested.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125.00 per hour unless an increase in the cost of living or a special factor justifies a higher fee.  *See* 28 U.S.C. § 2412(d)(2)(A).  While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented. *See  Henley*, 461 U.S. at 433-34.

In this case, the Commissioner does not dispute the issue of substantial justification, and also does not object to Plaintiff's request for attorney fees of $2,678.75.  The Commissioner objects to Plaintiff's request for the $350.00 court filing fee, and to Plaintiff's request that the attorney fees be paid directly to his attorney.

### A.      Filing Fee

The Commissioner argues that the filing fee is a "cost" for which an award is not paid from agency funds, but is instead paid "by the Secretary of the Treasury after certification by the Attorney General."  (Dkt. No. 18 at 3) (quoting 28 U.S.C. § 2414).

Under § 2412(a) of the EAJA, a judgment of costs may be awarded to any prevailing party.  28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920).  Costs include filing fees.  *See* 28 U.S.C. § 1920.  As such, this Magistrate Judge finds it appropriate to reimburse Plaintiff for his $350.00 filing fee.

### B.      Payment Directly to Plaintiff's Counsel

Plaintiff attached an Affidavit to his motion that purports to "assign any entitlement that [he] may have to any attorney's fee under the [EAJA] . . . to [his] attorney[] [and] assign[s] any

right or interest [he] may have in the award of an EAJA fee . . . to [his] attorney[.]" (Dkt. No. 16; Ex. 2). The Commissioner objects to Plaintiff's request to have the fees paid directly to his attorney, which the Commissioner says is contrary to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

In *Ratliff*, the United States Supreme Court held, "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratliff*, 130 S.Ct. at 2524. In so holding, the Supreme Court recognized that historically, the Commissioner paid EAJA fees directly to a prevailing party's attorney, but noted that starting in 2005, direct payment to the attorney only occurs when "the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney." *Id.* at 2528-2529.

The Court is unable to determine whether Plaintiff owes any pre-existing debts to the United States. Accordingly, this Magistrate Judge finds it appropriate to award the attorney fees and costs to Plaintiff. If counsel for the parties can verify that Plaintiff does not owe any pre-existing debts to the United States that are subject to offset, the Commissioner can direct that the award be made payable to Plaintiff's attorney pursuant to the assignment.

## III.   CONCLUSION

For the above-stated reasons, **IT IS RECOMMENDED** that Plaintiff's motion for attorney fees pursuant to the EAJA be **GRANTED**, and that Judgment be entered in Plaintiff's favor against Defendant in the amount of **$3,028.75**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: November 29, 2012

CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 29, 2012.*

S/Melody R. Miles
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*