UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Lee Getzen,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.
_____/

Case No. 11-cv-14676

Honorable Sean F. Cox
United States District Court Judge

# ORDER
# ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), seeking review of the Commissioner's unfavorable decision disallowing social security disability benefits. (Docket No. 1.)

On October 25, 2011, this matter was referred to Magistrate Judge Mark A. Randon. (Docket No. 3.)

Thereafter, the parties filed cross-motions for summary judgment. (Docket Nos. 9, 11.)

In a Report and Recommendation ("R&R") entered on August 22, 2012, Magistrate Judge Randon concluded that substantial evidence does not support the Commissioner's determination that the Plaintiff is not disabled. (Docket No. 13, at 2.) Magistrate Judge Randon recommended that this Court: 1) **GRANT** Plaintiff's Motion for Summary Judgment, 2) **DENY** the Commissioner's Motion for Summary Judgment, and 3) **REMAND** the findings and conclusions of the Commissioner for further proceedings. (Docket No. 13, at 21.) Neither party filed objections to the R&R.

1

In an Opinion and Order entered on October 2, 2012, the Court **ADOPTED** the August 22, 2012, R&R and **GRANTED** the Plaintiff's Motion for Summary Judgment is **GRANTED**. (Docket No. 14.)

The Court, thereafter, filed Judgment on October 2, 2012, **GRANTING** the Plaintiff's Motion for Summary Judgment, **DENYING** the Commissioner's Motion for Summary Judgment, and **REMANDING** this action to the Commissioner for further findings consist with the Court's Opinion and Order and Magistrate Judge Randon's Report and Recommendation filed on August 22, 2012. (Docket No. 15.)

On November 1, 2012, the Plaintiff filed its "Motion and Brief Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act." (Docket No. 16.) The motion requests attorney's fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412, "in the amount of $2,678.75 plus reimbursement of the filing fee of $350.00, for a total award of $3,208.75." (*Id*. at 1–2.) The Plaintiff contends that the Government was not "substantially justified" and that no "special circumstances" exists that make an award of attorney's fees unjust. (*Id.* at 2.) The Plaintiff requested that the fee be paid directly to his attorney. (*Id.* at 3.)

The Commissioner filed a response stating that it does not contests its liability for attorney's fees under the Equal Justice Act and does not object to the amount of attorney's fees that the Plaintiff's counsel billed. (Docket No. 18, at 2.) Instead, the Commissioner requests that "the Court denominate the $350.00 court filing fee as a cost, rather than as an attorney fee paid by the agency. The Commissioner also requests that the Court order the attorney fee award be paid to Plaintiff, rather than Plaintiff's counsel." (*Id.* at 1–2.) The Commissioner asserts that "[a]ny fees paid belong to Plaintiff and can be offset to satisfy any pre-existing debt that Plaintiff owes to the United States,

pursuant to the decision in Astrue v. Ratliff, 560 U.S. ___, 130 S.Ct. 2521 (June 14, 2010)." (*Id.*)

The Government stipulates that "[i]f this Court awards fees under the EAJA, the government will evaluate the propriety of directing payment to the attorney pursuant to an assignment. After the Court enters this award, if counsel for the parties can verify that Plaintiff owes no pre-existing debts to the United States that are subject to offset, Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to the attorney's fee assignment duly signed by Plaintiff and his counsel. Defendant will then direct the Treasury Department to mail any check in this matter to the business address of Plaintiff's counsel . . . . Therefore, this Court should order that the fee award be payable to Plaintiff subject to the understanding presented above." (*Id.* at 3–4.)

The Plaintiff did not file a reply brief.

On November 15, 2012, the matter was referred to Magistrate Judge Mark A. Randon. (Docket No. 19.)

In an Report and Recommendation issued on November 29, 2012, Magistrate Judge Randon recommended that the Plaintiff's Motion and Brief Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act be **GRANTED**, "and that Judgment be entered in Plaintiff's favor against Defendant in the amount of **$3,028.75**." (Docket No. 20, at 2.) Magistrate Judge Randon concluded (1) that costs include filing fees under 28 U.S.C. § 2412(a)(1) and 28 U.S.C. § 1920 and (2) that, under *Ratliff*, "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." (*Id.* at 3–4.) (quoting 130 S.Ct. at 2524–27.) Because Magistrate Judge Randon was unable to determine whether Plaintiff owes any preexisting debts, he found it appropriate to award fees and costs to the Plaintiff. (*Id*. at 4.) Magistrate Judge Randon further recommended that "[i]f counsel for the parties

3

can verify that Plaintiff does not owe any preexisting debts to the United States that are subject to offset, the Commissioner can direct that the award be made payable to Plaintiff's attorney pursuant to the assignment." (*Id.*)

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. FED. R. CIV. P. 72(b). "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

The time for filing objections to the November 29, 2012, R&R has expired, and neither party filed any objection to the November 29th R&R.

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs.

After reviewing the November 29th R&R, the parties' briefs and documents submitted by the parties, this Court is satisfied with Magistrate Judge Randon's analysis and recommendations.

Accordingly, **IT IS ORDERED** that this Court **ADOPTS** the November 29, 2012, Report and Recommendation [Docket No. 20]. Accordingly, this Court **GRANTS** the Plaintiff's Motion and Brief Seeking an Attorney Fee Pursuant to the Equal Access to Justice Act [Docket No. 16];

**IT IS FURTHER ORDERED** that the $2,678.75 attorney's fee and the $350 filing fee shall be made payable to the Plaintiff, not the Plaintiff's attorney, until such time as counsel for the parties

verifies that Plaintiff does not owe any preexisting debts to the United States that are subject to offset. When counsel for the parties provides such verification, the Commissioner shall direct that the award be made payable to Plaintiff's attorney pursuant to the assignment.

**IT IS SO ORDERED**.

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: February 11, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 11, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy<br>
Case Manager